UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
OCT 29 2012

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GUADALUPE GONZALEZ, JR. | * | CIV. 12-4166-KES |
| Petitioner, | * | |
| -vs- | * | REPORT and RECOMMENDATION |
| MR. HOLLINGSWORTH, Warden, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Guadalupe Gonzalez, Jr., ("Gonzalez") is a federal inmate currently incarcerated at the Yankton Federal Prison Camp. He has paid the $5 filing fee and filed a petition requesting relief under 28 U.S.C. § 2241.

The Court has taken judicial notice of the file in Gonzalez's underlying criminal conviction from the United States District Court, Southern District of Texas, Case No. 5:06-cr-00802-1. *See United States v. Guadalupe Gonzalez, Jr.* Case No. 5:06-cr-00802-1. Gonzalez's criminal file from the Southern District of Texas includes documentation of his two direct appeals and his two Motions to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, all of which are explained in more detail below.[1] *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Order dated March 18, 2010.

---

[1] Unless otherwise noted, all document numbers refer to the docket numbers in Gonzalez's criminal file from the Southern District of Texas, Case No. 5:06-cr-00802-1.

## BACKGROUND

In 2006, Gonzalez was indicted in a two count Indictment in a case which alleged in Count 1 that he conspired to possess with the intent to distribute in excess of 50 kilograms of marijuana in violation of 21 U.S.C. §§846, 841(a) and 841(b)(1)(C). Count 2 of the Indictment charged possession with intent to distribute. On July 11, 2006, Gonzalez entered into a Plea Agreement (Doc. 13) in which he pled guilty to Count 2 of the Indictment and the Government dismissed Count 1. On April 30, 2007, a sentencing hearing was held before the Honorable Robert Gettleman. Judge Gettleman sentenced Gonzalez to 151 months imprisonment to be followed by three years of supervised release. The Judgment was filed on May 29, 2007 (Doc. 26).

On April 25, 2008, Gonzalez filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 32). Gonzalez expressed dissatisfaction that his counsel did not directly appeal his conviction because Gonzalez believed he was erroneously sentenced as a career offender, which resulted in a much longer sentence than would have otherwise applied. In a Memorandum Opinion filed July 23, 2008 (Doc. 51), the District Court dismissed Gonzalez's § 2255 Motion without prejudice, ordered the Clerk to re-docket the Judgment of Conviction, and Ordered that Gonzalez be allowed to file a direct appeal out of time.

On July 23, 2008, Gonzalez filed a direct appeal of his Judgment of Conviction and Sentence (Doc. 55). On direct appeal, Gonzalez argued that the Michigan drug offense which was used to enhance his sentence under the Sentencing Guidelines U.S.S.G. § 4B1.2(b) did not constitute a controlled substance offense within the meaning of 4B1.2(b). He contended, therefore, that the District Court erred in applying the career offender enhancement to his sentence. July 9, 2009, the United States Court of Appeals for the Fifth Circuit filed an Opinion (Doc. 75) and Judgment (Doc. 74) rejecting Gonzalez's claims and dismissing his direct appeal.

On May 7, 2010, Gonzalez filed his second Motion to Vacate, Set Aside or Correct his Judgment pursuant to 28 U.S.C. § 2255 (Doc. 79). In his second § 2255 Motion, Gonzalez asserted his trial counsel was ineffective for failing to object to the pre-sentence report at the sentencing hearing. Gonzalez contended his trial counsel should have objected to that section of the pre-sentence report which labeled him as a "career offender." Gonzalez also asserted that his appellate

counsel was ineffective for allowing the Government to supplement the record on direct appeal. On July 6, 2010, the Honorable George Kazen, Senior United States District Judge issued a Memorandum Opinion and Judgment dismissing Gonzalez's second § 2255 Motion as frivolous (Doc. 85 and 86). Gonzalez filed a Notice of Appeal (Doc. 91) but the Fifth Circuit eventually dismissed the Appeal (Doc. 102) for want of prosecution.

On December 1, 2010, Gonzalez filed a second Notice of Appeal of his Judgment of Conviction and Sentence (Doc. 97). On February 2, 2011, the United States Court of Appeals for the Fifth Circuit issued an Opinion (Doc. 104) dismissing Gonzalez's second direct Appeal, finding that it was duplicative and that the Court therefore had no jurisdiction.

On September 25, 2012, Gonzalez filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Dakota. Gonzalez again asserts the District Court for the Southern District of Texas erroneously characterized him as a career offender, and that he should not have received the career offender enhancement when he was sentenced. Gonzalez asserts that because he actually served only five months of his 385 day sentence for the prior state drug conviction which forms the basis of his career offender enhancement, the prior state conviction does not qualify as a "felony offense" for enhancement purposes.[2]

---

[2]Gonzalez cites *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010) in support of his argument. In *Carachuri-Rosendo*, the petitioner was a lawful permanent resident of the United States but faced deportation after committing two misdemeanor state drug offenses in Texas. He challenged his ineligibility for cancellation of removal based upon the characterization by the federal court of a prior state conviction as an "aggravated felony." In reality, the state conviction was for a misdemeanor drug possession charge for which he was sentenced to ten days in jail, but which held the *possibility* of a two year sentence had federal charges been brought for the same crime, because it was it was his second drug possession conviction. The Supreme Court held that because state court prosecutor chose not to enhance the state charge based on the Carachuri-Rosendo's prior possession conviction, Carachuri-Rosendo had not been "convicted" of a felony for purposes of the Controlled Substances Act. *Id.* 130 S.Ct. at 2589-90.

*Carachuri-Rosendo* is inapplicable to Gonzalez, however, because the state conviction challenged by Gonzalez is in fact a state felony drug conviction. *See United States v. Guadalupe Gonzalez, Jr.* Case No. 5:06-cr-00802-1, Doc. 51, p.8-9 (copy of Information and Judgment of Commitment from Michigan, delivery of controlled substance, sentenced to 385 days imprisonment). That Gonzalez served only 5 months of his 385 day sentence does not render his

## ANALYSIS

A review of the document Gonzales has filed with this Court reveals that it must be dismissed because the subject matter of the Petition is outside the boundaries of relief which may be sought through a § 2241 petition.

### 1.  Gonzalez's Claims are Not Properly Construed as § 2241 Claims

In his papers (Doc. 1 ), Gonzalez explains he is "actually innocent" of the career offender enhancement because he believes the Michigan state judgment upon which his career offender enhancement is based does not qualify as a felony conviction under the Controlled Substances Act. Gonzales believes he was therefore sentenced incorrectly.

A petitioner may attack the execution of his sentence through a § 2241 petition in the district of his incarceration, but a challenge to the validity of conviction or sentence must be brought under §2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). *See also Hill v. Morrison* 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255(e) contains a "savings clause" which states:

> [an application for habeas relief] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

If § 2255 is adequate or effective, then the District Court lacks jurisdiction to entertain a § 2241 petition. *Hill* at 1091.   The Petitioner bears the burden of demonstrating § 2255 relief in the sentencing court is unavailable or ineffective. *Id.; Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).   Petitioner may not "skirt designated procedural pathways by renumbering [his] filings." *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002).

In his Petition, Gonzalez explains that he § 2255 relief is inadequate or ineffective because "the caselaw supporting the issue was not available at time of appeals." *See* § 2241 Petition (Doc. 1 in this file) at p. 8.  Gonzalez is correct that *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010)

---

felony conviction a misdemeanor.

4

was decided after his direct appeal, which was concluded on July 9, 2009 when the Fifth Circuit affirmed his conviction. *Carachuri-Rosendo* was decided during the pendency of Gonzalez's second § 2255 motion.[3] *Carachuri-Rosendo*, however, is inapplicable to the facts of Gonzalez's case for reasons already explained.

Gonzalez has already filed a direct appeal and a § 2255 motion in which he unsuccessfully made the same arguments he makes in the instant § 2241 petition. Both his direct appeal and his § 2255 motion were denied and his career offender argument has been consistently rejected by the District Court for the Southern District of Texas and by the Fifth Circuit.

In *Hill v. Morrison*, the Eighth Circuit explained "a § 2255 motion is not inadequate or ineffective 'merely because (1) § 2255 relief has already been denied; (2) the petitioner has been denied permission to file a second or successive § 2255 motion; (3) a second or successive motion has been dismissed; or (4) the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Hill*, 349 F.3d at 1091 (punctuation altered). Likewise, a prisoner cannot raise in a § 2241 motion filed in the district court of incarceration an issue "which could or was actually raised in the § 2255 motion filed in the sentencing district." *Id.* at 1092. Gonzalez has failed to maintain his burden to show a remedy under § 2255 is inadequate or ineffective. This Court, therefore is without jurisdiction to entertain his § 2241 claims. *Id.*

## CONCLUSION and RECOMMENDATION

Petitioner has failed to maintain his burden to show a remedy under § 2255 is inadequate or ineffective. This Court, therefore is without jurisdiction to entertain Petitioner's § 2241 claims. Even if considered on the merits, however, his claim fails. It is therefore respectfully RECOMMENDED to the District Court that Petitioner's application for writ of habeas corpus (Doc. 1 in this file) be DENIED with prejudice.

---

[3]Gonzalez filed his second § 2255 motion on May 7, 2010. *Carachuri-Rosendo* was decided on June 14, 2010. The District Court for the Southern District of Texas dismissed Gonzalez's second § 2255 motion on July 6, 2010, and Gonzalez's appeal was dismissed by the Fifth Circuit on December 9, 2010.

5

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 29 day of October, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge