UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| GUADALUPE GONZALEZ, JR., | ) | Civ. 12-4166-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | APPLICATION FOR WRIT OF |
| MR. HOLLINGSWORTH, Warden, | ) | HABEAS CORPUS UNDER § 2241 |
| | ) | |
| Respondent. | ) | |

Petitioner herein filed a pro se petition of habeas corpus in United States District Court under 28 U.S.C. § 2241. The case was referred to United States Magistrate Judge John Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings, and submissions to this court of proposed findings of fact and recommendations for the disposition of the case.

On October 29, 2012, Magistrate Judge Simko submitted his report and recommendation for disposition of this case to the court. Petitioner timely filed objections to the report and recommendation. De novo review is required for any objections that are timely made and specific. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990). Having reviewed the matter de novo, the court accepts the report and recommendation of Magistrate Judge Simko in full.

Gonzalez argues that his prior conviction was not for a felony offense, even though so classified by the state, and therefore under *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), it should not have qualified as a felony for career offender classification. A review of the record, however, indicates that Gonzalez

was in fact sentenced to 385 days' imprisonment. *See United States v. Guadalupe Gonzalez, Jr.,* Case No. 5:06-cr-00802-1, Doc. 51 at 9.  The fact that Gonzalez served only 5 months of his 385-day sentence in custody does not convert his felony conviction into a misdemeanor.

Gonzalez also supplied the court with a copy of *United States of America v. Haltiwanger,* 637 F.3d 881 (8th Cir. 2011) as support for his argument. In *Haltiwanger,* the court reviewed Haltiwanger's record of conviction and concluded that the statutory maximum sentence that may be imposed for a violation of the drug tax stamp law was seven months and therefore Haltiwanger's prior conviction was only a misdemeanor. That is not the case here because Gonzalez was actually sentenced to a term of imprisonment longer than one year.

In any event, Gonzalez cannot challenge the validity of his conviction or his sentence in this district under  § 2241. Such an attack must be brought under § 2255 in the district of the sentencing court.  *Matheny v. Morrison,* 307 F.3d 709, 711 (8th Cir. 2002). Therefore, it is

ORDERED that the report and recommendation of Magistrate Judge Simko is adopted in full and petitioner's pro se petition for habeas corpus is denied on its merits with prejudice.

Dated February 13, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE